[Crim. No. 6823.   Second Dist., Div. One.   Dec. 7, 1959.]

In re EMERY NEWBERN, on Habeas Corpus.

A. L. Wirin and Paul M. Posner for Petitioner.

William B. McKesson, District Attorney (Los Angeles), Jere J. Sullivan and Robert J. Lord, Deputy District Attorneys, for Respondent.

SHEA, J. pro tem.*—This is a companion case to the one decided this same date and reported in this volume at page 862 [1 Cal.Rptr. 80]. It is a separate petition and involves the circumstances surrounding three separate misdemeanor complaints filed in the municipal court. It has been stipulated that two of the complaints have been dismissed and that as to these two cases this petition is moot. We are, therefore, only concerned with the one case that is still pending.

*Assigned by Chairman of Judicial Council.

Mr. Newbern was arrested for being intoxicated in a public place in violation of a city ordinance. When he appeared before the trial court on July 24, 1959, the judge certified him to the superior court for a determination of his sanity under section 1368 of the Penal Code. Petitioner was then placed in the custody of the Los Angeles County sheriff and on August 3d was arraigned in superior court on the insanity charge. Bail was set at $1,000. On August 7, 1959, this petition was filed and on the same date this court issued the writ and ordered that the petitioner be released on his own recognizance. On August 17, 1959, the superior court found him to be sane and referred the matter back to the Long Beach Municipal Court for further proceedings.

The petitioner contends that the trial judge was arbitrary and capricious in certifying him to the superior court and that the judge used the certification procedure as a device to imprison the petitioner where other means had failed.

The allegations in the petition tend to indicate that the trial judge was exasperated by Mr. Newbern's legalistic machinations and that his patience was exhausted. It will not be necessary to pass upon the question of whether the judge was right or wrong.

Petitioner's objections are made to the order certifying him to the superior court. The superior court has ruled on the matter and referred the petitioner back to the municipal court. The event has completely transpired and the objections are moot.

Assuming that this court were to decide that the order of certification was void, we could only vacate that order and remand the petitioner back to the municipal court. This is exactly how the situation stands at present. Such a decision would be ineffectual for any purpose except perhaps to reprimand the trial judge. "[C]ourts are not constituted or operated 'for moral vindication.' " (*Reid* v. *Superior Court*, 44 Cal.App. 349, 355 [186 P. 634].)

". . . although a case may originally present an existing controversy, if before decision it has, through act of the parties or other cause, occurring after the commencement of the action, lost that essential character, it becomes a moot case or question which will not be considered by the court, [citations]." (*Wilson* v. *Los Angeles County Civil Service Com.*, 112 Cal.App.2d 450 at 453 [246 P.2d 688].)

The writ is discharged.

Fourt, Acting P. J., and Lillie, J., concurred.