[Crim. No. 3729. First Dist., Div. Two. June 24, 1960.]

THE PEOPLE, Respondent, v. CIRILO AGUIRRE VAL-
DIVIA, Appellant.

Betty Aronow, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Daniel A. Sharp, Deputy Attorney General, for Respondent.

STONE, J. pro tem.*—Defendant pleaded guilty to a charge of violation of Health and Safety Code, section 11501, sale of heroin. The court referred the matter to the probation officer for a report and recommendation as required by Penal Code, section 1203, and ordered, "continued a week for his report." The day before the hearing defendant's counsel requested a copy of the probation officer's report but was unable to obtain it until the afternoon preceding the hearing, or less than one day in advance thereof. The court partially heard the matter on the day set, then continued it one week for further hearing. At the final hearing the court denied proba-

---

*Assigned by Chairman of Judicial Council.

tion and sentenced defendant to the state prison and this appeal is from the order denying probation and the judgment which followed.

Since defendant pleaded guilty to the charge for which he was sentenced, his guilt is not in question on this appeal. It is defendant's contention that the probation proceedings were improperly conducted by the probation officer and by the court. A denial of probation will not be set aside by an appellate court unless it is shown (1) that the trial court lacked jurisdiction (*Schaefer* v. *Superior Court*, 113 Cal.App.2d 428, 437 [248 P.2d 450]), or (2) that the court failed to follow the statutory requirements pertaining to probation (*People* v. *Wade*, 53 Cal.2d 322, 338 [1 Cal.Rptr. 83, 348 P.2d 116]), or (3) that there is clear and convincing proof of abuse of discretion by the trial court (*People* v. *Cooper*, 123 Cal.App.2d 353, 357 [266 P.2d 566]). Defendant raises no question of jurisdiction but he does contend that the court abused its discretion and failed to comply with the statutory requirements pertaining to probation hearings in four respects.

 First, defendant alleges error in that a copy of the probation officer's report was not made available to his counsel "at least two days prior to the time fixed by the court for the hearing and determination of such report" as provided by Penal Code, section 1203. The record reflects that no copy of the report was made available until less than 24 hours before the hearing. The only exception to the two-day availability requirement in Penal Code, section 1203, is a waiver by stipulation, which was absent here. The error was cured, however, when the court, after partially hearing the matter, ordered a continuance of one week. Thus counsel for defendant had a copy of the report eight days before the final determination of the hearing on probation and an opportunity to be heard thereon which she exercised.

Defendant's second contention is that in deciding to deny probation the court considered and was influenced by information concerning defendant obtained from sources other than the probation officer's report. There is nothing in the record to support his contention and facts outside the record cannot be considered on appeal (*People* v. *Sorrentino*, 146 Cal.App.2d 149, 157 [303 P.2d 859]). Counsel for defendant states in her brief that the trial court advised her before the hearing that "he didn't have much regard for people who used state money to buy narcotics." Counsel surmises that the court must have been given this information by some

third person. Yet the probation officer's report reflects that defendant had been unemployed for 11 years by reason of an injury and that he had been receiving state aid during that time. Since it appeared from the probation officer's report that defendant had no other source of income the judge's observation constituted a logical deduction from the report. It would be natural to presume that defendant paid for the heroin which he admitted selling. Additionally the record reflects that, subsequent to the statement by the court, counsel for defendant advised the judge in open court that defendant had used none of the $75 per month he had been receiving as state aid to buy narcotics. Had counsel wished she also could have put the defendant on the stand to deny the inference contained in the probation officer's report.

Defendant's third assignment of error is that the probation officer's report included hearsay matter. ▇ In considering defendant's criticism it must be borne in mind that the guilt of a defendant is not an issue in a probation officer's report. In this case defendant had pleaded guilty. The purpose of the report is to assist the court in determining whether a defendant should be granted probation and, if so, the terms thereof. Penal Code, section 1203, provides that: ''The probation officer must thereupon make an investigation of the circumtances surrounding the crime and of the prior record and history of the defendant, must make a written report to the court of the facts found upon such investigation, and must accompany said report with his written recommendations, including his recommendations as to the granting or withholding of probation to the defendant and as to the conditions of probation if it shall be granted.'' ▇ A probation officer could not make an investigation and report of the nature required by Penal Code, section 1203, if restricted to the rules of evidence. Much of the prior record and history of a defendant, as well as the circumstances surrounding the crime, are hearsay and can be investigated and reported upon only by the use of hearsay information. It is clear that Penal Code, section 1203, contemplates the inclusion of hearsay matter in the probation officer's report. ▇ Had defendant thought the report insufficient or inadequate he could have presented witnesses to counteract or correct any portion of the report. A defendant has the right to present evidence in mitigation of his punishment or to assist the court in the determination of defendant's application for probation (Pen. Code, § 1204; *People* v. *Escobar*, 122 Cal.App.2d 15, 20 [264 P.2d 571]).

█ The fourth assignment of error charges that the probation officer consulted with the judge in chambers prior to the hearing concerning the disposition of defendant's application for probation. Defendant attacks this procedure upon the ground that his attorney was not present at the conference. He points out that he was helpless to combat any hearsay or possible misstatements of fact conveyed orally to the court. The Penal Code makes no specific provision for a consultation between court and probation officer. Yet, as a practical matter the only way in which a court could obtain clarification of a report if needed would be to request additional information or explanation from the probation officer. However, if such request results in any new or additional information being given the court, such information must be incorporated in the report. As we have observed hereinbefore, probation proceedings require the use of hearsay in order to provide the court with a complete history and background of the defendant. Nevertheless fair play requires that it be conveyed to the court by written report and that a copy be made available to the defendant. Otherwise if inaccurate or false information were given to the probation officer which he in turn were to convey to the court orally, the defendant would be unable to present contrary evidence to disprove such information. █ The defendant has the right to present testimony or other evidence on his behalf (Pen. Code, § 1204). Clearly this extends to statements contained in the probation officer's report. As we read Penal Code, sections 1203 and 1204, they contemplate as well as guarantee this right to a defendant. Obviously, it is for this very reason that Penal Code, section 1203, requires that the probation officer's report be made available to a defendant at least two days before the hearing. In this case, however, there is nothing in the record before us to indicate that the court received any information bearing upon defendant's application for probation which was not contained in the report. Furthermore the defendant made no effort to avail himself of the opportunity under Penal Code, section 1204, to present evidence on his own behalf or to question the probation officer.

The order denying probation and judgment are affirmed.

Kaufman, P. J., and Draper, J., concurred.