TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | |
|---|---|
| OPINION : | |
| : | No. 90-802 |
| of : | |
| : | MARCH 20, 1991 |
| DANIEL E. LUNGREN : | |
| Attorney General : | |
| : | |
| ANTHONY S. DaVIGO : | |
| Deputy Attorney General : | |
| : | |

THE HONORABLE MICHAEL D. BRADBURY, DISTRICT ATTORNEY OF VENTURA COUNTY, has requested an opinion on the following questions:

1. May the district attorney submit a statement in aggravation at the sentencing phase of a misdemeanor case?

2. May a statement in aggravation contain references to matters outside the record of the case and contain evidence other than by way of testimony?

CONCLUSION

1. At the discretion of the trial court, the district attorney may submit a statement in aggravation at the sentencing phase of a misdemeanor case, provided that the statement consists of information which could have been included in a probation report.

2. Such a statement in aggravation may contain references to matters outside the record of the case and may contain evidence other than by way of testimony.

ANALYSIS

In connection with the establishment in 1976 of determinate sentencing for persons convicted of a *felony*, Penal Code section 1170[1] was enacted, providing in subdivision (b) as follows:

---

[1]All section references are to the Penal Code unless otherwise specified.

1.                                                                                              90-802

"When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime. At least four days prior to the time set for imposition of judgment, <u>either party</u> or the victim, or the family of the victim if the victim is deceased, <u>may submit a statement in aggravation</u> or mitigation <u>to dispute facts in the record or the probation officer's report, or to present additional facts.</u> In determining whether there are circumstances that justify imposition of the upper or lower term, <u>the court may consider</u> the record in the case, the probation officer's report, other reports including reports received pursuant to Section 1203.03 and <u>statements in aggravation</u> or mitigation <u>submitted by the prosecution</u>, the defendant, or the victim, or the family of the victim if the victims is deceased, and any further evidence introduced at the sentencing hearing. The court shall set forth on the record the facts and reasons for imposing the upper or lower term. . . ." (Emphases added.)

We are now asked to consider whether the prosecution may submit such a statement in aggravation[2] in a *misdemeanor* case, and if so, whether the statement is limited by law to matters contained within the record of the case, and whether such matters may be presented only by testimony.

No express statutory authority, such as that provided in section 1170 pertaining to felonies, appears with respect to misdemeanors. As noted in that section, the court must exercise its option between three possible terms and is required to recite its reasons when electing the upper or lower term. (§ 1170, subds. (b) and (c).) No similar procedure is prescribed in misdemeanor

---

[2]Rule 437 of the California Rules of Court prescribes the content of a Statement in Aggravation in felony cases:

"........................

"(c) A statement in aggravation or mitigation shall include:

"(1) A summary of facts which the party relies upon as circumstances in aggravation or mitigation justifying imposition of the upper or lower term.

"(2) Notice of intention to dispute facts or offer evidence in aggravation or mitigation at the sentencing hearing. The statement shall generally describe the evidence to be offered, including a description of any documents and the name and expected substance of the testimony of any witnesses. No evidence in aggravation or mitigation may be introduced at the sentencing hearing unless it was described in the statement, or unless its admission is permitted by the sentencing judge in the interests of justice.

"(d) Assertions of fact in a statement in aggravation or mitigation shall be disregarded unless they are supported by the record in the case, the probation officer's report or other reports properly filed in the case, or other competent evidence."

cases,[3] and the court is not compelled to recite those aggravating or mitigating circumstances which it may have considered.[4]

With respect to misdemeanors, subdivision (d) of section 1203 provides:

"In every case in which a person is convicted of a misdemeanor, the court may either refer the matter to the probation officer for an investigation and a report or summarily pronounce a conditional sentence. If such a case is not referred to the probation officer, in sentencing the person, the court may consider any information concerning the person which could have been included in a probation report. The court shall inform the person of the information to be considered and permit him or her to answer or controvert such information. For this purpose, upon the request of the person, the court shall grant a continuance before the judgment is pronounced."[5]

Under the foregoing section, a court may, but need not, refer the matter to the probation officer for investigation and report. A court "*may* consider *any* information concerning the person which could have been included in a probation report," when a probation report is not prepared. We discern nothing in the latter provision which prohibits the court from allowing the prosecution to submit a statement in aggravation, provided that such information could have been included in a probation report.[6] Moreover, as we shall demonstrate, the probation report may contain written statements from prosecuting attorneys. As long as the defendant is given an opportunity to answer the statement, we do not distinguish between such a statement whether contained in a probation report, filed directly with the court by the prosecuting attorney, or made in open court at the hearing.

Consequently, in answer to the first question, the trial court has discretion to allow the district attorney to submit a statement in aggravation in a misdemeanor case if the statement consists of information which could have been included in a probation report.[7] If the court elects

---

[3]Section 19 provides generally:

"Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a misdemeanor is punishable by imprisonment in the county jail not exceeding six months, or by fine not exceeding one thousand dollars ($1,000), or by both."

[4]Inasmuch as the express authorization for submission by the prosecution of a statement in aggravation was enacted as part of the determinate sentencing procedure in felony cases (Stats. 1976, ch. 1139 § 273), the lack of a similar specific reference in misdemeanor cases is understandable.

[5]A "conditional sentence" is "the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community subject to the conditions established by the court without the supervision of the probation officer." (§ 1203, subd. (a).)

[6]Subdivision (d) of section 1203 constitutes an express grant of authority to the court to "consider any information . . ." if it chooses to "summarily pronounce a conditional sentence." We do not view such language as a <u>limitation</u> placed upon the court where a probation report <u>is</u> ordered.

[7]In addition, the prosecutor is expressly authorized to reply to the filing of a report by the defendant pursuant to section 1204, *infra*. With specific regard to the prosecutor representing the views of the victim, see sections 679.02, 1191.1, and 1191.15.

to take such information into consideration, it must inform the defendant of the information and provide the defendant with an opportunity to answer or controvert it. (§ 1203, subd. (d).) This notice requirement is consistent with the constitutional right of due process during the proceedings leading to the imposition of sentence. (Cf. *Gardner* v. *Florida* (1977) 430 U.S. 349, 358.)

With regard to the second question concerning references to matters outside the record contained in a statement in aggravation, it is first noted that such references may be contained in a probation report.[8] In *People* v. *Valdivia* (1960) 182 Cal.App.2d 145, 148, the court stated:

> "A probation officer could not make an investigation and report of the nature required by Penal Code, section 1203, if restricted to the rules of evidence. Much of the prior record and history of a defendant, as well as the circumstances surrounding the crime, are hearsay and can be investigated and reported upon only by the use of hearsay information. It is clear that Penal Code, section 1203, contemplates the inclusion of hearsay matter in the probation officer's report."

(See also *People* v. *Zikorus* (1983) 150 Cal.App.3d 324, 334; *People* v. *Betterton* (1979) 93 Cal.App.3d 406, 414.) It has been held that "[a] sentencing judge `may, consistently with the Due Process Clause of the Fourteenth Amendment, consider responsible unsworn or "out-of-court" information relative to the circumstances of the crime and to the convicted person's life and characteristics.'" (*People* v. *Arbuckle* (1978) 22 Cal.3d 749, 754; see also *People* v. *Cheatham* (1979) 23 Cal.3d 829, 835; *People* v. *Zikorus*, *supra*, at 333; *People* v. *Betterton*, *supra*, at 415.)[9]

Since subdivision (d) of section 1203 allows a court to "consider any information concerning the person which could have been included in a probation report," the prosecutor's statement in aggravation may similarly contain references to matters outside the record in a misdemeanor case. Of course, the defendant must then be given the right to controvert such information. (See *People* v. *Valdivia*, *supra*, 182 Cal.App.2d at 148-149; see also *In re Cortez* (1971) 6 Cal.3d 78, 88.)

With respect to the final issue concerning whether a prosecutor may present evidence other than by way of testimony in a statement in aggravation, section 1204[10] provides:

> "The circumstances shall be presented by the testimony of witnesses examined in open court, except that when a witness is so sick or infirm as to be unable to attend, his deposition may be taken by a magistrate of the county, out of court, upon such notice to the adverse party as the court may direct. No affidavit or

---

[8]The content of a probation officer's presentence report in a felony case is prescribed by rule 419 of the California Rules of Court, including prior criminal conduct, information from and concerning the victim, the defendant's social history, and collateral information including *written statements from prosecuting attorneys*. Section 1203.10 provides generally that the probation officer shall, when so directed by the court, "inquire into the antecedents, character, history, family environment, and offense of such person . . . ."

[9]It is clear, however, that the court may not consider *ex parte* information from the prosecution. (*In re Calhoun* (1976) 17 Cal.3d 75, 83-84; *People* v. *Hernandez* (1984) 160 Cal.App.3d 725, 741.)

[10]In the absence of express legislation on the subject, the policy enunciated in section 1204 governs in misdemeanor as well as felony cases. (Cf. *People* v. *Giles* (1945) 70 Cal.App.2d Supp. 872, 879.)

testimony, or representation of any kind, verbal or written, can be offered to or received by the court, or a judge thereof, in aggravation or mitigation of the punishment, except as provided in this and the preceding section. This section shall not be construed to prohibit the filing of a written report by a defendant or defendant's counsel on behalf of a defendant if such a report presents a study of his background and personality and suggests a rehabilitation program. If such a report is submitted, the prosecution or probation officer shall be permitted to reply to or to evaluate the program."

Under this section, testimony may be taken in court or, under prescribed circumstances, by deposition. Section 1204, however, also refers to a "representation of any kind" in addition to an "affidavit or testimony" and to information submitted pursuant to "the preceding section" (§ 1203). It has not been construed, therefore, to limit the presentation of aggravating or mitigating circumstances to verbal or written testimony, but rather as allowing the presentation of any "evidence." (See *In re Calhoun*, *supra*, 17 Cal.3d at 84; *In re Cortez*, *supra*, 6 Cal.3d at 88; *People* v. *Valdivia*, *supra*, 182 Cal.App.2d at 149; *People* v. *Neal* (1950) 97 Cal.App.2d 668, 676.) In *People* v. *Hernandez*, *supra*, 160 Cal.App.3d at 741, the court summarized these judicial holdings as follows:

"It is, therefore, evident that the information the court may receive at a Penal Code section 1204 hearing is evidence which means, in essence, facts. `"Evidence" means testimony, writings, material objects, or other things presented to the senses that are offered to prove the existence or nonexistence of a fact.' (Evid. Code, § 140.)"[11]

It is concluded that a statement in aggravation presented by the district attorney in a misdemeanor case at the discretion of the trial court may contain references to matters outside the record and contain evidence other than by way of testimony, provided the defendant is granted an opportunity to respond.

\* \* \* \* \*

---

[11]See also California Rules of Court, rule 437, subdivision (d):

"Assertions of fact in a statement in aggravation or mitigation shall be disregarded unless they are supported by the record in the case, the probation officer's report or other reports properly filed in the case, *or other competent evidence*." (Emphasis added.)