[No. D050034. Fourth Dist., Div. One. Sept. 21, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
JIMMY SHIELDS, Defendant and Appellant.

**COUNSEL**

Steven J. Carroll, Public Defender, Gary R. Nichols and Laura Arnold, Deputy Public Defenders, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette and Gary W. Schons, Assistant Attorneys General, Barry J. T. Carlton and Bradley A. Weinreb, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HALLER, J.**—Jimmy Shields has been committed to the custody of the state Department of Mental Health as a sexually violent predator (SVP) since 2001. In 2005, the People filed a petition to recommit Shields. The petition was granted, and Shields was committed for an indeterminate term. Shields challenges this commitment order.

Shields's challenge is based on an amendment to Welfare and Institutions Code[1] section 6604, which changed the term of commitment for an SVP from a two-year term to an indeterminate term. Shields asserts the court had no jurisdiction to find him to be an SVP and recommit him because section 6604's two-year commitment procedure has been eliminated and the amended SVP statute fails to expressly refer to persons already confined for two-year terms under former section 6604. We reject this contention because Shields's proposed statutory interpretation is contrary to the clear legislative intent. The commitment order is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

After repeated instances of predatory sexual conduct, in 2001 Shields was found to be an SVP and committed to a two-year period of confinement as

---

[1] Subsequent statutory references are to the Welfare and Institutions Code unless otherwise specified.

authorized under former section 6604. The commitment was extended for another two-year period in 2003. In June 2005, the People filed a petition to again extend his commitment. While this recommitment petition was pending in 2006, former section 6604 was amended to provide for an indeterminate term of commitment for SVP's. Based on the statutory amendment, on November 1, 2006, the People filed an amended petition to commit Shields for an indeterminate term. On November 6, 2006, the trial court found Shields to be an SVP and committed him to an indeterminate term. The court's November 6 oral ruling was entered as a formal written order on November 8, 2006.

## DISCUSSION

A person must be committed as an SVP if the People prove beyond a reasonable doubt that the person currently suffers from a mental disorder that seriously impairs the person's ability to control his or her sexually violent behavior and creates a substantial danger that the person will commit a sexually violent offense if released. (§§ 6600, 6604; *People v. Williams* (2003) 31 Cal.4th 757, 776 [3 Cal.Rptr.3d 684, 74 P.3d 779]; *People v. Roberge* (2003) 29 Cal.4th 979, 988 [129 Cal.Rptr.2d 861, 62 P.3d 97]; *Hubbart v. Superior Court* (1999) 19 Cal.4th 1138, 1162 [81 Cal.Rptr.2d 492, 969 P.2d 584].) Prior to the 2006 amendment of section 6604, an SVP was committed to a two-year term, and the People were required to obtain a new order determining the person to be an SVP for each successive two-year commitment.[2] In 2006, former section 6604 was amended to eliminate the two-year term provision and to provide for an indeterminate term of confinement (subject to the SVP's right to petition for release). (§§ 6604, 6605, subd. (b), 6608, subd. (a).)[3] The change in section 6604 from a two-year term to an indeterminate term was accomplished by the Legislature's amendment of the statute effective September 20, 2006, and again by the California voters'

---

[2] Former section 6604 stated in relevant part: "If the court or jury determines that the person is a sexually violent predator, the person shall be committed for two years to the custody of the State Department of Mental Health for appropriate treatment and confinement in a secure facility designated by the Director of Mental Health, and the person shall not be kept in actual custody longer than two years unless a subsequent extended commitment is obtained from the court incident to the filing of a petition for extended commitment . . . ." (Stats. 2000, ch. 420, § 3, eff. Sept. 13, 2000.)

[3] Section 6605, subdivision (a) requires the state Department of Mental Health to conduct an annual examination of the SVP to determine if he or she still qualifies as an SVP and to file an annual report with the court. The SVP's right to petition for release is set forth in section 6605, subdivision (b), which states: "If the Department of Mental Health determines that either: (1) the person's condition has so changed that the person no longer meets the definition of a sexually violent predator, or (2) conditional release to a less restrictive alternative is in the best interest of the person and conditions can be imposed that adequately protect the community, the director shall authorize the person to petition the court for conditional release to a less restrictive alternative or for an unconditional discharge. . . ." Further, section 6608, subdivision (a) states: "Nothing in this article shall prohibit the person who has been

approval of Proposition 83 (known as "Jessica's Law") effective November 8, 2006. (See Historical and Statutory Notes, 73D West's Ann. Welf. & Inst. Code (2007 supp.) foll. § 6604, pp. 125, 131; Prop. 83, § 27, approved Nov. 7, 2006, eff. Nov. 8, 2006 (Proposition 83).)

At the time of the trial court's oral recommitment ruling on November 6, 2006, the Legislature's version of section 6604 was operative. The relevant language is identical in the Legislature's and Proposition 83's versions of section 6604, stating as follows: "If the court or jury determines that the person is a sexually violent predator, the person shall be committed *for an indeterminate term* to the custody of the State Department of Mental Health for appropriate treatment and confinement in a secure facility designated by the Director of Mental Health . . . ." (73D West's Ann. Welf. & Inst. Code, *supra*, § 6604, pp. 124, 131, italics added.)

Shields does not dispute the court's finding that he qualifies as an SVP. However, he argues that the trial court had no jurisdiction to find him to be an SVP at the 2006 commitment proceeding because the SVP statute, as amended in 2006, no longer contained an express statutory provision authorizing recommitment of a person previously committed to a two-year term of confinement as an SVP. To support his argument, he cites section 6601, subdivision (a)(2), which provides that a petition to involuntarily commit a person as an SVP may be filed "if the individual was in custody pursuant to his or her determinate prison term, parole revocation term, or a hold placed pursuant to Section 6601.3, at the time the petition is filed." Because section 6601 does not authorize an SVP commitment petition for a person currently committed as an SVP, and because the two-year recommitment provision of section 6604 has been replaced with a provision providing for an indeterminate term, he asserts that he can no longer be adjudicated an SVP and involuntarily committed.

As Shields essentially concedes in his appellate briefing, his interpretation of the 2006 statutory amendment is contrary to the clear intent of the amendment to *enhance*—not restrict—confinement of persons determined to be SVP's. The Legislature's act of changing SVP terms from two years to indeterminate terms—thereby dispensing with the requirement that the People petition for commitment every two years—conveys an unequivocal intent to continue the confinement of persons adjudicated to be SVP's. Shields does not attempt to argue that the Legislature intended to allow release of SVP's committed to two-year terms based on a statutory amendment mandating indeterminate terms for SVP's; as he apparently recognizes, any such argument would strain credulity.

committed as a sexually violent predator from petitioning the court for conditional release or an unconditional discharge without the recommendation or concurrence of the Director of Mental Health. . . ."

The statements of intent contained in Proposition 83 confirm the obvious intent of the Legislature in amending section 6604. The proposition expressly sets forth the intent to strengthen SVP confinement laws: " '[E]xisting laws that provide for the commitment and control of sexually violent predators must be strengthened and improved. [¶] . . . [¶] It is the intent of the People of the State of California in enacting this measure to strengthen and improve the laws that punish and control sexual offenders.' " (Historical and Statutory Notes, 47A West's Ann. Pen. Code (2007 supp.) foll. § 209, p. 430; Prop. 83, §§ 2, subd. (h), 31.) More specifically, Proposition 83 states that the change from a two-year term to an indeterminate term is designed to eliminate automatic SVP trials every two years when there is nothing to suggest a change in the person's SVP condition to warrant release: " 'The People find and declare each of the following: [¶] . . . [¶] (k) California is the only state, of the number of states that have enacted laws allowing involuntary civil commitments for persons identified as sexually violent predators, which does not provide for indeterminate commitments. California automatically allows for a jury trial every two years irrespective of whether there is any evidence to suggest or prove that the committed person is no longer a sexually violent predator. As such, *this act allows California to* protect the civil rights of those persons committed as a sexually violent predator while at the same time *protect society and the system from unnecessary or frivolous jury trial actions where there is no competent evidence to suggest a change in the committed person.*' " (Historical and Statutory Notes, 47A West's Ann. Pen. Code, *supra*, foll. § 209, p. 430, italics added; Prop. 83, § 2, subd. (k).)

■ Notwithstanding his apparent recognition of the clear statutory intent, Shields argues that based on the plain language of the statute he cannot be the subject of an SVP petition. Shields's assertion fails under the well-established principles that the " 'language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend' " (*People v. Pieters* (1991) 52 Cal.3d 894, 898–899 [276 Cal.Rptr. 918, 802 P.2d 420]), and statutory provisions may be added by implication " 'when compelled by necessity and supported by firm evidence of the drafters' true intent' " (*People v. Guzman* (2005) 35 Cal.4th 577, 587 [25 Cal.Rptr.3d 761, 107 P.3d 860]; see *McLaughlin v. State Bd. of Education* (1999) 75 Cal.App.4th 196, 219–220 [89 Cal.Rptr.2d 295]).

■ Based on these principles and the unquestioned legislative intent to continue the confinement of SVP's for an indeterminate term, we conclude that the indeterminate term provisions of section 6604 apply to persons confined as SVP's for two-year terms under the former version of section 6604. Accordingly, the trial court had jurisdiction to adjudicate the People's petition to recommit Shields.

## DISPOSITION

The order is affirmed.

Huffman, Acting P. J., and Nares, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 19, 2007, S157813.