182 Cal.App.4th 1568 (2010)
THE PEOPLE, Plaintiff and Respondent,
v.
MARK SOKOLSKY, Defendant and Appellant.
No. B212437.
Court of Appeals of California, Second District, Division Four.
March 23, 2010.
[As modified April 1, 2010.]
CERTIFIED FOR PARTIAL PUBLICATION[*]
*1571 Richard E. Holly, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Kenneth C. Byrne and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
EPSTEIN, P. J.
Mark Sokolsky appeals from a jury verdict adjudicating him a sexually violent predator under Welfare and Institutions Code section 6600 et seq. (Sexually Violent Predator Act (SVPA)).[1] Appellant argues he is entitled to a hearing on his right to represent himself in propria persona in this court. He also challenges the sufficiency of the evidence of his risk of reoffending, and contends that his involuntary commitment violates his due process rights. Appellant asserts that the Static-99 test employed by the psychological evaluators should not have been admitted without an evidentiary hearing under People v. Kelly (1976) 17 Cal.3d 24 [130 Cal.Rptr. 144, 549 P.2d 1240] (Kelly). Respondent contends that the two-year commitment imposed was unauthorized under Proposition 83.
In the published portion of this opinion we conclude appellant has no right to self-representation on appeal and that summary denial of his application was not an abuse of discretion. We decline appellant's renewed request to represent himself made at oral argument. We also agree with respondent that the proper term of commitment was indeterminate and modify the term of commitment on that ground. In the unpublished portion of this opinion (pts. II & III) we find sufficient evidence of appellant's risk of reoffending and reject his argument that a Kelly hearing was required as to the Static-99 test. As modified, the judgment is affirmed.

FACTUAL AND PROCEDURAL SUMMARY
Appellant and the district attorney stipulated that appellant was convicted of multiple counts of felony molestation of children under 14 years of age in *1572 1979 and again in 1989. These felonies qualified as sexually violent offenses for the purposes of the SVPA. After the 1979 conviction, appellant was sent to Patton State Hospital as a mentally disordered sex offender (MDSO). He was returned to court nine months later, after having been found untreatable because he would not acknowledge his sex offenses. The earlier proceeding finding him an MDSO was reversed.[2] After new and conflicting psychological evaluations, the trial court found appellant was not an MDSO and placed him on probation. Appellant violated probation five months later by showing pornography to children. He was sent to prison and was released in March 1983.
In 1988, while living with his second wife, appellant was arrested and convicted for molesting his stepdaughters.[3] He was convicted of five counts of child molestation and sentenced to 21 years in prison.
In March 2000, the district attorney filed a petition under section 6250 et seq., alleging appellant was likely to engage in sexually violent predatory criminal behavior if released and requesting a trial to determine whether he is a sexually violent predator under the SVPA. Probable cause was found that appellant came within the statute and a jury trial was held. The jury found appellant to be a sexually violent predator and he was committed on August 12, 2008, for a period of two years. This timely appeal followed.

DISCUSSION

I
Appellant sought to represent himself on appeal. We summarily denied that request. Appellant's petition for mandate/prohibition and stay was denied by the California Supreme Court. The United States Supreme Court denied his petition for writ of certiorari.
Appellant acknowledges that People v. Scott (1998) 64 Cal.App.4th 550, 579 [75 Cal.Rptr.2d 315], held that the right to self-representation recognized in Faretta v. California (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525] (Faretta) does not extend to appeals. Citing Martinez v. Court of Appeal of Cal. Fourth Appellate Dist. (2000) 528 U.S. 152, 163 [145 L.Ed.2d 597, 120 S.Ct. 684], and Price v. Johnston (1948) 334 U.S. 266, 284 [92 L.Ed. *1573 1356, 68 S.Ct. 1049], he argues an appellate court has discretion to grant a request for self-representation on appeal. Appellant argues that the denial of his request deprived him of a substantial right.
Alternatively, appellant argues that due process entitles him to a hearing on his request for self-representation because of the significant liberty interests at stake in a proceeding under the SVPA. He cites People v. Williams (2003) 110 Cal.App.4th 1577 [2 Cal.Rptr.3d 890], which held that once the state granted a statutory right to self-representation in an MDSO hearing, that interest is protected by due process.
In People v. Fraser (2006) 138 Cal.App.4th 1430 [42 Cal.Rptr.3d 424] (Fraser), the Court of Appeal held that a defendant has no right to self-representation in an SVPA trial. The court concluded there is no constitutional right to self-representation in a civil commitment proceeding under the SVPA, under either the rationale of Faretta or the due process clause of the United States Constitution. (138 Cal.App.4th at p. 1444.)
The appellant in Fraser cited no direct authority to support application of the Faretta right to self-representation to a civil commitment proceeding under the SVPA. He also acknowledged that the only decision on the issue, People v. Leonard (2000) 78 Cal.App.4th 776, 784 [93 Cal.Rptr.2d 180], merely assumed without deciding that individuals subject to the SVPA are to receive the same constitutional protections accorded criminal defendants, including the right to self-representation. (Fraser, supra, 138 Cal.App.4th at p. 1444.) Fraser based his claim to a right to self-representation on the Faretta rationale of respect for the individual and the Sixth Amendment right to make one's own defense. (Fraser, at p. 1445.) Self-representation is required, he argued, to ensure a defendant is able to present a defense of his own choosing.
The Fraser court observed that the United States Supreme Court has not extended the right to self-representation under Faretta to proceedings other than criminal prosecutions. It cited Martinez v. Court of Appeal of Cal. Fourth Appellate Dist., supra, 528 U.S. 152, in which the court declined to extend the right to appeal from a criminal conviction. (Fraser, supra, 138 Cal.App.4th at p. 1445, citing Martinez, supra, 528 U.S. at pp. 159-160.)
In addition, the Court of Appeal in Fraser examined California cases which found no Sixth Amendment right to self-representation in proceedings other than criminal prosecutions. In People v. Williams, supra, 110 *1574 Cal.App.4th 1577, 1588, the court rejected a claim that a defendant in a proceeding to commit him as a MDSO had a constitutional right to self-representation. In In re Angel W. (2001) 93 Cal.App.4th 1074, 1080-1083 [113 Cal.Rptr.2d 659], the court ruled that a parent's right to self-representation in a juvenile dependency proceeding is statutory rather than constitutional. In Conservatorship of Joel E. (2005) 132 Cal.App.4th 429 [33 Cal.Rptr.3d 704], an objector's request to represent himself in a conservatorship proceeding was found to have no basis in the Sixth Amendment because it applies exclusively to criminal prosecutions. (Joel E., at p. 435.) In light of the nonpunitive purpose of commitment of a conservatee, the court concluded that the proceedings are not "sufficiently akin to criminal prosecutions to warrant Sixth Amendment protection." (Ibid.)
(1) The Fraser court concluded that the rationale of these cases applied to preclude application of the Sixth Amendment to SVPA proceedings: "The California Supreme Court has established that SVPA proceedings have a nonpunitive purpose." (Fraser, supra, 138 Cal.App.4th at p. 1446, citing Hubbart v. Superior Court (1999) 19 Cal.4th 1138, 1144 [81 Cal.Rptr.2d 492, 969 P.2d 584].) It held: "Consequently, because a civil commitment proceeding under the SVPA has a nonpunitive purpose and is therefore not equivalent to a criminal prosecution, we determine that there is no Sixth Amendment right to self-representation in SVPA proceedings." (Fraser, at p. 1446.)
(2) Fraser's alternative claim to a constitutional right to self-representation under the due process clause also was rejected. The court acknowledged that a defendant in an SVPA proceeding is entitled to due process protections because civil commitment involves a significant deprivation of liberty. (Fraser, supra, 138 Cal.App.4th at p. 1446, citing People v. Otto (2001) 26 Cal.4th 200, 209 [109 Cal.Rptr.2d 327, 26 P.3d 1061] (Otto).) But the due process rights applicable in an SVPA proceeding are those accorded in civil proceedings rather than criminal. (Fraser, at p. 1446.) The court applied four factors identified by the Otto court to determine whether due process requires the right to self-representation in SVPA proceedings: "`(1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail; and (4) the dignitary interest in informing individuals of the nature, grounds, and consequences of the action and in enabling *1575 them to present their side of the story before a responsible government official.' (Otto, supra, 26 Cal.4th at p. 210.)" (Fraser, at p. 1447.)
The private interests identified in Fraser were liberty, reputation, and freedom from unwanted treatment. (Fraser, supra, 138 Cal.App.4th at p. 1447.) The court concluded that the second factor, the value of self-representation, weighed against a constitutional right "because it is well established that self-representation does not `further the fairness or accuracy of the proceedings.' (Conservatorship of Joel E., supra, 132 Cal.App.4th at p. 438.)" (Id. at pp. 1447-1448, also citing language in Faretta, supra, 422 U.S. at p. 834 and People v. McDaniel (1976) 16 Cal.3d 156, 164 [127 Cal.Rptr. 467, 545 P.2d 843].) The third factor, the government's interest in SVPA proceedings, was found not to weigh against finding a constitutional right to self-representation because the Fraser court concluded self-representation was unlikely to place significant fiscal or administrative burdens on the government or impede the government's interest in protecting the public. (Fraser, at p. 1448.)
The defendant's dignitary interest in SVPA proceedings was the fourth factor considered by the Fraser court. It found: "[T]he dignitary interest protected in an SVPA proceeding is not equivalent to the Faretta concept of respect for the individual in a criminal prosecution. The California Supreme Court has explained that a person subject to the SVPA has a dignitary interest `in being informed of the nature, grounds and consequences of the SVP commitment proceeding' and in `presenting his side of the story before a responsible government official.' [Citation.]" (Fraser, supra, 138 Cal.App.4th at p. 1448.) The court concluded that self-representation is not necessary to protect a defendant's dignitary interest in an SVPA proceeding, which contains built-in procedural safeguards to protect this interest. (138 Cal.App.4th at p. 1448.) It also provides a right to counsel. (§ 6603, subd. (a).)
(3) We agree with the analysis of the court in Fraser, supra, 138 Cal.App.4th 1430, and determine that this analysis leads to the conclusion that there is no constitutional right to self-representation on appeal from an SVPA commitment. Appellant also argues that, even if he does not have a right to argue before this court in propria persona, we have discretion to allow him to do so. At oral argument, his attorney urged that we exercise that discretion by granting appellant's request. We have considered counsel's argument and reconsidered appellant's original request. We decide that this *1576 matter should proceed as briefed, with appellant being represented by his attorney of record, and we decline the renewed request to allow him to represent himself.

II, III[*]

IV
Respondent contends imposition of a two-year commitment was invalid because, at the time, the law required commitment for an indeterminate term. As we explain, we find merit in the contention and modify the commitment term to reflect an indeterminate term.
(4) On November 7, 2006, the voters approved Proposition 83, which went into effect the next day.[5] (People v. McKee (2010) 47 Cal.4th 1172, 1186 [104 Cal.Rptr.3d 427, 223 P.3d 566].) The proposition changed the commitment term for a person found to be an SVP (sexually violent predator) from two years to an indeterminate term. As modified by the proposition, section 6604 now reads in pertinent part: "`If the court or jury determines that the person is a sexually violent predator, the person shall be committed for an indeterminate term to the custody of the State Department of Mental Health for appropriate treatment and confinement in a secure facility designated by the Director of Mental Health . . . .'" (People v. Shields (2007) 155 Cal.App.4th 559, 563 [65 Cal.Rptr.3d 922] (Shields); see also McKee, supra, 47 Cal.4th at pp. 1186-1187.)
The court in Shields reviewed the statements of intent in Proposition 83: "Proposition 83 states that the change from a two-year term to an indeterminate term is designed to eliminate automatic SVP trials every two years when there is nothing to suggest a change in the person's SVP condition to warrant release: `"The People find and declare each of the following: [¶] . . . [¶] (k) California is the only state, of the number of states that have enacted laws allowing involuntary civil commitments for persons identified as sexually violent predators, which does not provide for indeterminate commitments. California automatically allows for a jury trial every two years irrespective of whether there is any evidence to suggest or prove that the committed person *1577 is no longer a sexually violent predator. As such, this act allows California to protect the civil rights of those persons committed as a sexually violent predator while at the same time protect society and the system from unnecessary or frivolous jury trial actions where there is no competent evidence to suggest a change in the committed person."' (Historical and Statutory Notes, 47A West's Ann. Pen. Code [(2007 supp.)] foll. § 209, p. 430, italics added; Prop. 83, § 2, subd. (k).)" (Shields, supra, 155 Cal.App.4th at p. 564.)
The People's trial brief addressed the change in the commitment period: "[D]ue to the ambiguity concerning the retroactive application of the law at the time, and because of concern over judicial resources in trial and appellate courts, the Los Angeles County District Attorney's Office, the Los Angeles County Public Defender's Office and former presiding judge of the Criminal Courts David Wesley entered into a stipulation prior to the passage of the new law. The stipulation provides that all SVP initial commitment petitions which were already filed before the passage of Jessica's law would have a two-year commitment imposed instead of an indeterminate commitment. The People will abide by the stipulation and ask the court to accept the stipulation in this case." After the jury reached its verdict, both counsel and the court agreed that the appropriate term of commitment was two years. A two-year commitment was imposed consistent with the local policy agreement.
The propriety of this arrangement in light of Proposition 83 is before the Supreme Court in People v. Castillo, review granted May 13, 2009, S171163. The order granting review states: "The issue to be briefed and argued is limited to the following: Did the Court of Appeal err by increasing the term of defendant's commitment under the Sexually Violent Predator Act from two years to an indeterminate term pursuant to the 2006 amendments to Welfare and Institutions Code section 6604, when the Los Angeles County District Attorney had stipulated that only the two-year commitment term would be sought?"
(5) Appellant argues respondent is estopped from taking a position contrary to that taken by the district attorney's office at trial. We disagree. Because Proposition 83 was in effect at the time of trial, and when the commitment was imposed, the trial court had power only to impose an indeterminate commitment in conformity with section 6604 as modified. The application of the indeterminate commitment provision of Proposition 83 to pending petitions to extend commitment under the SVPA was approved in Bourquez v. Superior Court (2007) 156 Cal.App.4th 1275, 1289 [68 Cal.Rptr.3d 142]: "Because a proceeding to extend commitment under the SVPA focuses on the person's current mental state, applying the indeterminate term of commitment of Proposition 83 does not attach new legal consequences to conduct that was completed before the effective date of the *1578 law. [Citation.] Applying Proposition 83 to pending petitions to extend commitment under the SVPA to make any future extended commitment for an indeterminate term is not a retroactive application." (See also People v. Whaley (2008) 160 Cal.App.4th 779, 798 [73 Cal.Rptr.3d 133].)
We acknowledge that a proceeding under the SVPA is civil in nature and is designed to provide treatment to mentally disordered individuals who cannot control sexually violent behavior. (People v. Carlin (2007) 150 Cal.App.4th 322, 332 [58 Cal.Rptr.3d 495].) We find People v. Renfro (2004) 125 Cal.App.4th 223 [22 Cal.Rptr.3d 680] instructive. In that case, the defendant had entered into a plea agreement that conditioned his guilty plea on the prosecutor's promise that the offense could not be used as a qualifying offense in a future proceeding to commit the defendant as an MDSO. The Renfro court recognized that this type of proceeding was civil in nature rather than criminal and, like the SVPA, was intended to provide mental health treatment for offenders presently suffering from severe mental illness rather than to punish them for past offenses. (Renfro, at pp. 231-232.) But in light of the mandatory statutory parole scheme governing such proceedings, the court in Renfro refused to enforce a plea agreement that would effectively have nullified the statutory scheme.
Rejecting the defendant's argument that the prosecution was estopped from not honoring the plea bargain, the court held: "[T]he MDO provision of Renfro's plea agreement went beyond the sentencing court's authority. Specific performance of the plea agreement would undermine the MDO law and, in so doing, undermine public policy, public safety and the administration of justice by our courts." (People v. Renfro, supra, 125 Cal.App.4th at pp. 232-233 ["neither the prosecution nor the sentencing court has authority to impose a prison sentence without parole or to alter the applicable period of parole established by the Legislature and imposed by the Board of Prison Terms"].)
In addition, we note that appellant has failed to demonstrate any detrimental reliance on the local policy. That is, he did not agree to surrender or forego any actual or potential benefit he might have received under that policy. Instead, as he had a right to do, he contested the commitment and a full trial was held during which the opinions of the People's experts were challenged and examined by appellant's attorney. In addition, an expert psychologist testified on behalf of appellant. Under those facts, we find no basis for estoppel.
(6) The trial court erred in imposing a two-year term of commitment when the applicable law under section 6604 required imposition of an indeterminate commitment.

*1579 DISPOSITION
Appellant's commitment order is modified to reflect the indeterminate term mandated by the SVPA (§ 6604) as modified by Proposition 83. The judgment is affirmed in all other respects.
Willhite, J., and Suzukawa, J., concurred.
NOTES
[*] Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts II and III of the Discussion.
[1] Statutory references are to the Welfare and Institutions Code unless otherwise indicated.
[2] Apparently appellant had not acquiesced to the proceedings.
[3] Appellant claims he fathered one of the two girls.
[*] See footnote, ante, page 1568.
[5] This proposition is commonly known as "Jessica's Law." (In re E.J. (2010) 47 Cal.4th 1258, 1263 [104 Cal.Rptr.3d 165, 223 P.3d 31].)