[No. B212437. Second Dist., Div. Four. Sept. 21, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK SOKOLSKY, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts I, III, and IV of the Discussion.

COUNSEL

Richard E. Holly, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Kenneth C. Byrne and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

EPSTEIN, P. J.—Mark Sokolsky appeals from a jury verdict adjudicating him a sexually violent predator under Welfare and Institutions Code section 6600 et seq. (Sexually Violent Predator Act (SVPA)).[1] Appellant argues he is entitled to a hearing on his right to represent himself in propria persona in this court. He also challenges the sufficiency of the evidence of his risk of reoffending, and contends that his involuntary commitment violates his due process rights. Appellant asserts that the Static-99 test employed by the psychological evaluators should not have been admitted without an evidentiary hearing under *People v. Kelly* (1976) 17 Cal.3d 24 [130 Cal.Rptr. 144, 549 P.2d 1240] (*Kelly*). Respondent contends that the two-year commitment imposed was unauthorized under Proposition 83.

In our original opinion in this case, we agreed with respondent that the proper term of commitment for appellant was indeterminate. We modified the term of commitment on that ground. The Supreme Court granted review and transferred the matter to us with directions to vacate our opinion and to reconsider the cause in light of *People v. Castillo* (2010) 49 Cal.4th 145 [109 Cal.Rptr.3d 346, 230 P.3d 1132]. We have done so, based on *Castillo*. We now conclude that the stipulation is effective.

In the published portion of this opinion we conclude appellant has no right to self-representation on appeal and that summary denial of his application was not an abuse of discretion. We declined appellant's renewed request to represent himself made at oral argument. In the unpublished portion of this opinion (pts. I, III & IV), we find sufficient evidence of appellant's risk of reoffending; reject his argument that a *Kelly* hearing was required as to the Static-99 test; and hold that he was properly committed for a two-year term. The judgment is affirmed.

---

[1] Statutory references are to the Welfare and Institutions Code unless otherwise indicated.

## FACTUAL AND PROCEDURAL SUMMARY

Appellant and the district attorney stipulated that appellant was convicted of multiple counts of felony molestation of children under 14 years of age in 1979 and again in 1989. These felonies qualified as sexually violent offenses for the purposes of the SVPA. After the 1979 conviction, appellant was sent to Patton State Hospital as a mentally disordered sex offender (MDSO). He was returned to court nine months later, after having been found untreatable because he would not acknowledge his sex offenses. The finding that he was an MDSO was reversed.[2] After new and conflicting psychological evaluations, the trial court found appellant was not an MDSO and placed him on probation. Appellant violated probation five months later by showing pornography to children. He was sent to prison and was released in March 1983. In 1988, while living with his second wife, appellant was arrested and convicted for molesting his stepdaughters.[3] He was convicted of five counts of child molestation and sentenced to 21 years in prison.

In March 2000, the district attorney filed a petition under section 6250 et seq., alleging appellant was likely to engage in sexually violent predatory criminal behavior if released, and requesting a trial to determine whether he is a sexually violent predator under the SVPA. Probable cause was found that appellant came within the statute and a jury trial was held. The jury found appellant to be a sexually violent predator and he was committed on August 12, 2008, for a period of two years. This timely appeal followed.

The Supreme Court granted review and transferred the matter to us with directions to vacate our original opinion and reconsider the matter in light of *People v. Castillo, supra,* 49 Cal.4th 145. No supplemental briefs were filed by the parties after transfer. (Cal. Rules of Court, rule 8.200(b).)

## DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

Appellant sought to represent himself on appeal. We summarily denied that request. Appellant's petition for mandate/prohibition and stay was denied by

---

[2] Apparently appellant had not acquiesced to the proceedings.

[3] Appellant claims he fathered one of the two girls.

*See footnote, *ante,* page 814.

the California Supreme Court. The United States Supreme Court denied his petition for writ of certiorari.

 Appellant acknowledges that *People v. Scott* (1998) 64 Cal.App.4th 550, 579 [75 Cal.Rptr.2d 315], held that the right to self-representation recognized in *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525] (*Faretta*) does not extend to appeals. Citing *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.* (2000) 528 U.S. 152, 163 [145 L.Ed.2d 597, 120 S.Ct. 684], and *Price v. Johnston* (1948) 334 U.S. 266, 284 [92 L.Ed. 1356, 68 S.Ct. 1049], he argues an appellate court has discretion to grant a request for self-representation on appeal. Appellant argues that the denial of his request deprived him of a substantial right.

Alternatively, appellant argues that due process entitles him to a hearing on his request for self-representation because of the significant liberty interests at stake in a proceeding under the SVPA. He cites *People v. Williams* (2003) 110 Cal.App.4th 1577 [2 Cal.Rptr.3d 890], which held that once the state granted a statutory right to self-representation in an MDSO hearing, that interest is protected by due process.

In *People v. Fraser* (2006) 138 Cal.App.4th 1430 [42 Cal.Rptr.3d 424] (*Fraser*), the Court of Appeal held that a defendant has no right to self-representation in an SVPA trial. The court concluded there is no constitutional right to self-representation in a civil commitment proceeding under the SVPA, under either the rationale of *Faretta* or the due process clause of the United States Constitution. (138 Cal.App.4th at p. 1444.)

The appellant in *Fraser* cited no direct authority to support application of the *Faretta* right to self-representation to a civil commitment proceeding under the SVPA. He also acknowledged that the only decision on the issue, *People v. Leonard* (2000) 78 Cal.App.4th 776, 784 [93 Cal.Rptr.2d 180], merely assumed without deciding that individuals subject to the SVPA are to receive the same constitutional protections accorded criminal defendants, including the right to self-representation. (*Fraser, supra,* 138 Cal.App.4th at p. 1444.) Fraser based his claim to a right to self-representation on the *Faretta* rationale of respect for the individual and the Sixth Amendment right to make one's own defense. (*Fraser,* at p. 1445.) Self-representation is required, he argued, to ensure a defendant is able to present a defense of his own choosing.

The *Fraser* court observed that the United States Supreme Court has not extended the right to self-representation under *Faretta* to proceedings other than criminal prosecutions. It cited *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist., supra,* 528 U.S. 152, in which the court declined to extend

that right to appeals from criminal convictions. (*Fraser, supra*, 138 Cal.App.4th at p. 1445, citing *Martinez, supra*, 528 U.S. at pp. 159–160.)

In addition, the Court of Appeal in *Fraser* examined California cases which found no Sixth Amendment right to self-representation in proceedings other than criminal prosecutions. In *People v. Williams, supra*, 110 Cal.App.4th at page 1588, the court rejected a claim that a defendant in a proceeding to commit him as an MDSO had a constitutional right to self-representation. In *In re Angel W.* (2001) 93 Cal.App.4th 1074, 1080–1083 [113 Cal.Rptr.2d 659], the court ruled that a parent's right to self-representation in a juvenile dependency proceeding is statutory rather than constitutional. In *Conservatorship of Joel E.* (2005) 132 Cal.App.4th 429 [33 Cal.Rptr.3d 704], an objector's request to represent himself in a conservatorship proceeding was found to have no basis in the Sixth Amendment because it applies exclusively to criminal prosecutions. (*Joel E.*, at p. 435.) In light of the nonpunitive purpose of commitment of a conservatee, the court concluded that the proceedings are not "sufficiently akin to criminal prosecutions to warrant Sixth Amendment protection." (*Ibid.*)

■ The *Fraser* court concluded that the rationale of these cases applied to preclude application of the Sixth Amendment to SVPA proceedings: "The California Supreme Court has established that SVPA proceedings have a nonpunitive purpose." (*Fraser, supra*, 138 Cal.App.4th at p. 1446, citing *Hubbart v. Superior Court* (1999) 19 Cal.4th 1138, 1144 [81 Cal.Rptr.2d 492, 969 P.2d 584].) It held: "Consequently, because a civil commitment proceeding under the SVPA has a nonpunitive purpose and is therefore not equivalent to a criminal prosecution, we determine that there is no Sixth Amendment right to self-representation in SVPA proceedings." (*Fraser*, at p. 1446.)

■ Fraser's alternative claim to a constitutional right to self-representation under the due process clause also was rejected. The court acknowledged that a defendant in an SVPA proceeding is entitled to due process protections because civil commitment involves a significant deprivation of liberty. (*Fraser, supra*, 138 Cal.App.4th at p. 1446, citing *People v. Otto* (2001) 26 Cal.4th 200, 209 [109 Cal.Rptr.2d 327, 26 P.3d 1061] (*Otto*).) But the due process rights applicable in an SVPA proceeding are those accorded in civil proceedings rather than criminal. (*Fraser*, at p. 1446.) The court applied four factors identified by the *Otto* court to determine whether due process requires the right to self-representation in SVPA proceedings: " '(1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural

requirement would entail; and (4) the dignitary interest in informing individuals of the nature, grounds, and consequences of the action and in enabling them to present their side of the story before a responsible government official.' (*Otto, supra*, 26 Cal.4th at p. 210.)" (*Fraser*, at p. 1447.)

The private interests identified in *Fraser* were liberty, reputation, and freedom from unwanted treatment. (*Fraser, supra*, 138 Cal.App.4th at p. 1447.) The court concluded that the second factor, the value of self-representation, weighed against a constitutional right "because it is well established that self-representation does not 'further the fairness or accuracy of the proceedings.' (*Conservatorship of Joel E., supra*, 132 Cal.App.4th at p. 438.)" (*Id.* at pp. 1447–1448, also citing language in *Faretta, supra*, 422 U.S. at p. 834 and *People v. McDaniel* (1976) 16 Cal.3d 156, 164 [127 Cal.Rptr. 467, 545 P.2d 843].) The third factor, the government's interest in SVPA proceedings, was found not to weigh against finding a constitutional right to self-representation because the *Fraser* court concluded self-representation was unlikely to place significant fiscal or administrative burdens on the government or impede the government's interest in protecting the public. (*Fraser*, at p. 1448.)

■ The defendant's dignitary interest in SVPA proceedings was the fourth factor considered by the *Fraser* court. It found: "[T]he dignitary interest protected in an SVPA proceeding is not equivalent to the *Faretta* concept of respect for the individual in a criminal prosecution. The California Supreme Court has explained that a person subject to the SVPA has a dignitary interest 'in being informed of the nature, grounds and consequences of the SVP commitment proceeding' and in 'presenting his side of the story before a responsible government official.' [Citation.]" (*Fraser, supra*, 138 Cal.App.4th at p. 1448.) The court concluded that self-representation is not necessary to protect a defendant's dignitary interest in an SPVA proceeding, which contains built-in procedural safeguards to protect this interest. (138 Cal.App.4th at p. 1448.) It also provides a right to counsel. (§ 6603, subd. (a).)

■ We agree with the analysis of the court in *Fraser, supra*, 138 Cal.App.4th 1430, and determine that this analysis leads to the conclusion that there is no constitutional right to self-representation on appeal from an SVPA commitment. Appellant also argues that, even if he does not have a right to argue before this court in propria persona, we have discretion to allow him to do so. At oral argument, his attorney urged that we exercise that discretion by granting appellant's request. We have considered counsel's argument and reconsidered appellant's original request. We decide that this matter should proceed as briefed, with appellant being represented by his attorney of record, and we decline the renewed request to allow him to represent himself.

III, IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Willhite, J., and Suzukawa, J., concurred.

---

*See footnote, *ante*, page 814.