Filed 1/9/23  P. v. Arceo CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY ARCEO,<br><br>        Defendant and Appellant. | C093674<br><br>(Super. Ct. No. STK-MH-SVPR-2010-0000774) |

Defendant Anthony Arceo appeals from the trial court's order committing him as a sexually violent predator (SVP) pursuant to the Sexually Violent Predator Act (SVPA). (Welf. & Inst. Code, § 6600 et seq.)[1]  He contends reversal is required because the trial court erroneously refused to consider his request to represent himself at his SVP

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

commitment trial. We conclude the trial court erred in finding defendant had no such right as a matter of law and denying his request. We shall vacate the commitment order and remand the matter to the trial court to exercise its discretion whether to allow defendant to represent himself.

## FACTUAL AND PROCEDURAL BACKGROUND

Given the narrow nature of defendant's contentions on appeal, we recite only the necessary facts.

In 1983, defendant was convicted of rape, and in 1994 he was convicted of kidnapping with attempt to commit rape. In 2010, the prosecutor filed a petition to commit defendant as an SVP. In April 2011, after holding a contested probable cause hearing, the trial court found probable cause existed that defendant met the criteria for commitment as an SVP.

In November 2019, the trial court granted defendant's *Marsden*[2] motion and appointed new defense counsel.

In November 2020, the trial court denied defendant's motion to dismiss the SVP petition. Defendant had argued his due process right to a speedy trial had been violated.

On January 4, 2021, the trial court held a hearing after defendant made another *Marsden* motion. Trial was set to start on February 8, and the jurors had been summoned and both parties were prepared to proceed. The court noted defense counsel was experienced in SVP hearings and had acted professionally. Defendant argued his counsel had provided ineffective assistance and was unprepared for trial because his 1994 conviction was based on false testimony. The court responded that defendant had

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

2

repeatedly tried to relitigate his prior conviction and it had no intention of retrying that case. The court denied defendant's *Marsden* motion.

On January 14, 2021, defense counsel filed a motion to be relieved as counsel because defendant had filed a lawsuit against her in federal court, had refused to be interviewed by defense experts, and was refusing to communicate with her. Defendant also instructed his family to not cooperate with his counsel. The trial court denied the motion, stating counsel was experienced with SVP cases and well prepared. The court also noted it would be difficult to reschedule the physician expert witnesses if trial was postponed. In addition, the court found that defendant was manufacturing the conflict between himself and his lawyer in order to frustrate the legal process. The court observed that defendant had repeatedly found ways not to go to trial, including not cooperating with his counsel and refusing to talk with the defense experts. The People, in contrast, had always been ready to go to trial.

On February 8, with jury selection scheduled to start the next day, defendant again complained during a pretrial hearing about his lawyer. The court noted defendant had refused the opportunity to speak with his lawyer the previous business day. Defendant reiterated he wanted to introduce evidence to challenge his 1994 conviction, but the court said it would not relitigate that case. The court invited defendant to testify but he refused. During their exchange, the court repeatedly asked defendant to stop interrupting. When the court asked defendant to speak with his lawyer, defendant responded, "I have no lawyer. . . I'd rather have a *Faretta*[3] motion and go in pro persona." The court replied, "It's not going to work. I mean . . . ." "Well, neither is she," responded defendant. The court replied, "Listen up. You don't have a *Faretta* right in this case. You don't have

---

[3] *Faretta v. California* (1975) 422 U.S. 806.

due process, it's a civil case." Defendant asked for a *Marsden* hearing, and the court stated it considered the current hearing to be a *Marsden* hearing and denied defendant's request for new counsel. In addition, reasoned the court, defense counsel was well prepared for trial. The court stated defendant was ranting and ordered him to step outside. As the case involved the SVPA, the court cited *People v. Fraser* (2006) 138 Cal.App.4th 1430 (*Fraser*) and *People v. Sokolsky* (2010) 188 Cal.App.4th 814 and explained, "You can't represent yourself either in the trial or on appeal."

The jury was sworn to try the case on February 10, 2021. Throughout the February to March trial, defendant complained at least 10 times to the court about his counsel's performance and regularly said he did not want to be present during the trial. In response, the court declined to remove his counsel, noting defendant failed to raise any new issues. The court repeatedly let defendant exit the courtroom during proceedings. Defendant often yelled and interrupted during these hearings.

In March 2021, a jury found defendant met the criteria for commitment as an SVP. The trial court committed defendant to the custody of the State Department of State Hospitals for an indeterminate term. (§ 6604.)

## DISCUSSION

Defendant contends the trial court erroneously denied his motion to represent himself at trial, in the mistaken belief that defendant as a matter of law could not represent himself in an SVP commitment proceeding. The People acknowledge the trial court's error but argue it was harmless. Defendant argues the trial court's error was structural and therefore cannot be harmless.

The SPVA " 'provides for "the involuntary civil commitment of certain offenders, following the completion of their prison terms, who are found to be [sexually violent predators] because they have previously been convicted of sexually violent crimes and currently suffer diagnosed mental disorders which make them dangerous in that they are likely to engage in sexually violent criminal behavior." ' " (*Fraser*, *supra*,

4

138 Cal.App.4th at pp. 1442-1443.) Under the SVPA, a defendant is entitled to the assistance of counsel, and a court must appoint counsel for an indigent defendant. (§ 6603, subd. (a).)

In *Fraser*, the defendant challenged the trial court's denial of his *Faretta* motion to represent himself, which was heard over two months before the SVP jury trial began. (*Fraser*, *supra*, 138 Cal.App.4th at p. 1439.) Noting that a civil commitment proceeding under the SVPA has a nonpunitive purpose and is civil in nature, the appellate court found that such proceedings are not equivalent to a criminal prosecution. As such, there was no Sixth Amendment right to self-representation in SVPA proceedings. (*Fraser*, at pp. 1445-1446.) The appellate court also concluded there was no due process right to self-representation in SVPA proceedings. (*Id.* at p. 1449; see also *People v. Sokolsky*, *supra*, 188 Cal.App.4th at p. 820 [finding no constitutional right to self-representation on appeal from an SVPA commitment].)

While there is no constitutional right to self-representation in SVPA proceedings, the *Fraser* court noted the SVPA provides a defendant with the right to counsel, and that language in other statutory schemes providing the right to counsel has been construed to provide a right to self-representation by implication. (*Fraser*, *supra*, 138 Cal.App.4th at p. 1450.) Other appellate courts have found (1) an implicit right to self-representation under similar statutes such as the mentally disordered offender commitment statute (Pen. Code, §§ 2970, 2972) and juvenile dependency proceedings (§ 317, subd. (b)) and (2) a common law right to self-representation in civil cases. (*Fraser,* at pp. 1449-1450.) Based on *Fraser* and the language of the SVPA, we conclude defendant had a statutory right to represent himself at the SVPA proceedings. Accordingly, we conclude the trial court erred in finding defendant had no such right as a matter of law and denying his request.

Defendant cites *People v. Blackburn* (2015) 61 Cal.4th 1113 and *People v. Tran* (2015) 61 Cal.4th 1160 in support of his argument that the trial court's error here is

reversible per se. In *Blackburn*, our Supreme Court found automatic reversal was required because the trial court committed structural error when it failed to personally advise a defendant in a mentally disordered offender proceeding of his right to a jury trial and obtain his personal waiver of that right. (*Blackburn*, at pp. 1116-1117, 1134-1135.) In *Tran*, the court reached the same conclusion with respect to the involuntary commitment of a person originally committed after pleading not guilty by reason of insanity to a criminal offense. (*Tran*, at pp. 1162-1163; see Pen. Code § 1026.5, subd. (b).)

Defendant argues the trial court's error should be deemed reversible per se because its failure to recognize the statutory right to self-representation in an SVP proceeding is similar to the statutory errors in *Blackburn* and *Tran*. The People acknowledge that defendant "may have a point if his request to represent himself had been timely." Here, defendant's request was made the day before trial was set to begin with jury selection. The trial court did not deny defendant's request because it was untimely. The court never addressed timeliness because it denied the request on the mistaken belief that there was no right to self-representation in an SVP proceeding. Based on its mistaken belief, the trial court did not exercise any discretion in considering the *Faretta* request. Thus, there is no record on whether (1) the *Faretta* request was timely and (2) there was good cause to deny defendant's request to represent himself. Based on this record, we cannot conclude how the trial court would have exercised its discretion.

## DISPOSITION

The trial court's commitment order is vacated and the matter is remanded to the trial court to exercise its discretion to determine whether defendant still wants to

6

represent himself, and, if so, whether he shall be permitted to represent himself under applicable law.

/s/
HOCH, J.*

We concur:

/s/
DUARTE, Acting P. J.

/s/
RENNER, J.

---

* Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.