Filed 10/24/14  P. v. Fowler CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GLEN FOWLER,<br><br>Defendant and Appellant. | C075425<br><br>(Super. Ct. No. 13F07676) |

Defendant Glen Fowler entered a negotiated no contest plea to possession of marijuana for sale in exchange for probation and 120 days in county jail.  The remaining counts (possession of concentrated cannabis and misdemeanor driving without a license) were dismissed in the interest of justice and in view of the plea.  The trial court suspended imposition of sentence and granted formal probation for a term of five years subject to certain terms and conditions, including gang-related conditions.

On appeal, defendant challenges the gang-related conditions as unconstitutionally overbroad in that they are not supported by the evidence or reasonably related to defendant's crime or future criminality.  We reject defendant's contention.

Prior to defendant entering his plea, he was provided a list of proposed probation conditions. Defense counsel objected to the proposed gang-related conditions as lacking any nexus to defendant or his crimes, disputing that he admitted he was a gang member.[1] Defendant agreed to enter his plea and to be sentenced immediately thereafter. After defendant entered his plea, defense counsel renewed the objection to the gang-related conditions.

The prosecutor responded: "At the time the defendant was arrested, he was on juvenile probation for selling cocaine and possession of a weapon. His probation conditions were that he was not to associate with gang members and not to possess any dangerous weapons. When he was arrested for this crime, he admitted he was a validated 29th Street Crip. *His gang validation was confirmed.*

"Additionally, when the officers were investigating this case, they looked through pictures -- through the pictures on the defendant's cell phone and found over fifty pictures of the defendant posing with large quantities of marijuana, cash.

"Additionally, [there were] various pictures with the defendant posing while using hands to make gang signals with cash and marijuana.

"So I think that his gang activities involved the sale of marijuana. So there is a nexus for these conditions." (Italics added.)

Defense counsel argued that the undated photos showed someone, but not defendant, with guns and throwing gang signs. Defense counsel did not respond to the prosecutor's representation that defendant had been on juvenile probation with gang-related conditions or that defendant had been validated as a gang member.

---

[1] The proposed gang-related conditions provided: "7. Defendant shall not knowingly associate with persons you know to be or whom probation informs you are gang members; [¶] 8. Defendant shall not knowingly be in places frequented by persons he/she knows to be or where probation tells him/her that gang members frequent[.]"

With respect to the gang-related conditions, the court stated that when referral to probation has been waived, it would usually delete the gang-related conditions, but "in this case there is enough on the record and enough of a nexus to impos[e] [the gang conditions]."

Defendant contends there is not any evidence of gang connections to support the gang-related conditions, "only the argument of the prosecutor upon which the trial court relied."

"Trial courts have broad discretion to set conditions of probation in order to 'foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1.' [Citations.]  If it serves these dual purposes, a probation condition may impinge upon a constitutional right otherwise enjoyed by the probationer, who is 'not entitled to the same degree of constitutional protection as other citizens.' [Citation.]" (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624 (*Lopez*).)

"The classic formulation of a trial court's power to impose probation conditions is taken from *People* v. *Lent* (1975) 15 Cal.3d 481, 486 . . . , where our Supreme Court stated:  'A condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]' " (*People v. Balestra* (1999) 76 Cal.App.4th 57, 65, fn. omitted.)

*Lopez* did not find any abuse of discretion when the trial court imposed gang-related conditions even though there was not any evidence the underlying offense was gang related.  (*Lopez, supra*, 66 Cal.App.4th at pp. 622-626.)  The conditions prohibited the defendant from being involved in a gang, associating with gang members, wearing or possessing any item of gang clothing, or displaying markings of gang significance.  (*Id.* at p. 622.)  "Because '[a]ssociation with gang members is the first step to involvement in gang activity,' such conditions have been found to be 'reasonably designed to prevent

3

future criminal behavior.' [Citation.]" (*Id.* at p. 624.) Gang-related conditions also serve a rehabilitative purpose, even where the underlying offense was not gang related. (*Id.* at p. 625.) Supporting the imposition of gang-related conditions, the probation report reflected that the defendant admitted membership in the Norteño gang, which had a history of overt criminal behavior, and it listed the defendant's lengthy history of juvenile offenses and misdemeanor adult crimes. (*Id.* at p. 626.) *Lopez* held that the defendant's "age, gang affiliation, and consistent and increasing pattern of criminal behavior warranted a conclusion by the trial court that [the defendant's] disassociation from gang-connected activities was an essential element of any probationary effort at rehabilitation because it would insulate him from a source of temptation to continue to pursue a criminal lifestyle." (*Ibid.*)

The rules for admissibility of evidence at trial do not govern at a sentencing hearing. Hearsay is admissible at a sentencing hearing provided the hearing procedures are not "fundamentally unfair." (*People v. Peterson* (1973) 9 Cal.3d 717, 725-726; see *People v. Arbuckle* (1978) 22 Cal.3d 749, 754-755 [reliability is "key issue in determining fundamental fairness"].) Use of a probation report's hearsay statements that contain sufficient indicia of reliability does not violate due process. (*People v. Otto* (2001) 26 Cal.4th 200, 210-211.)

Here, even though a probation report was waived and defendant was immediately sentenced, defendant knew of the proposed probation conditions, including the gang-related conditions, before he entered his plea. Defense counsel objected to the gang-related conditions, arguing that defendant disputed he had admitted to officers that he was a gang member and challenging the photos as not depicting defendant throwing gang signs. Defense counsel did not object on hearsay grounds to the prosecutor's representation that defendant had been on juvenile probation with gang-related conditions when he was arrested for the current offense or that defendant had been *validated* as a gang member. Defendant had the opportunity to and did contradict two of the

4

prosecutor's statements.  Defendant could have contradicted the prosecutor's two other statements but did not.  Thus, defendant has not shown any fundamental unfairness in the procedure, and the trial court did not err in relying upon the prosecutor's undisputed statements.  Sufficient evidence supported the gang-related conditions, which were related to defendant's future criminality.

## DISPOSITION

The judgment is affirmed.


          RAYE          , P. J.


We concur:


      BLEASE     , J.


      MAURO      , J.