Filed 4/4/25  Guzman v. Hammond CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ANEL GUZMAN,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TYRON HAMMOND,<br><br>        Defendant and Appellant. | A171589<br><br>(Lake County Super. Ct.<br>No. FL216760) |

Tyron Hammond appeals from an order renewing Anel Guzman's domestic violence restraining order (DVRO) against him and denying his request to modify the custody and visitation order regarding their children. Hammond avers the court abused its discretion in extending the DVRO, failed to adequately explain its reasoning as to the custody and visitation order, and violated his rights under the Confrontation Clause.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In August 2021, the court granted Guzman a three-year DVRO against Hammond that included an order for child custody and visitation.

Hammond and Guzman each requested modification of the custody and visitation order.  After holding hearings, the court issued an amended DVRO in November 2023, set to expire in August 2024, which contained the custody and visitation order at issue in this appeal.

1

The November 2023 order provided for Hammond to have visitation with the children twice per month without a third-party supervisor present. In an apparent oversight, the order did not contain verbal orders made by the court at a February 2023 hearing at which both parties were present. Those February 2023 orders required the parties to communicate through Talking Parents or My Family Wizard (third party co-parenting services), prohibited Hammond from having his children around one of his sisters, and required the children not to be left with anyone under the age of 18 when in Hammond's care.

Before its expiration, Guzman filed a request to renew the DVRO. She also filed a request to modify the custody and visitation order to terminate or require supervision for Hammond's visitation with the children. Hammond opposed the DVRO renewal request and filed a competing request to modify the custody and visitation order, seeking joint custody and overnight visits.

On August 23, 2024, the court held a hearing on the DVRO renewal request and the requests to modify the custody and visitation order.

Guzman sought permanent renewal of the DVRO, asserting she had been psychologically, emotionally, and verbally abused by Hammond and feared future abuse. She argued Hammond had violated the DVRO on numerous occasions over the prior three years, primarily by contacting and harassing her. As to visitation and custody, Guzman asserted Hammond violated the prohibition on having the children around his sister. She further contended Hammond harassed their 12-year-old daughter by repeatedly asking her questions about Guzman's personal life and insulted Guzman in front of their daughter. Guzman requested a temporary no-visitation order as their 12-year old did not wish to see Hammond, though she wanted for Hammond to be able to see the children in the near future.

Hammond admitted that he had violated the DVRO by communicating with Guzman, even though he knew the order prohibited him from contacting her directly or indirectly. He believed he was exercising his right to free speech in communicating with her, but had since realized he was mistaken in that belief. Hammond denied any misconduct toward the children and contended he was committed to providing them a supportive environment. He claimed the children had only been around his sister on one occasion and with Guzman's full awareness. Hammond requested overnight visits with the children on the first and third weekends of the month.

On October 3, 2024, the court issued an order renewing the DVRO and denying all requests to modify the custody and visitation order. As to the DVRO, the court found Guzman had a reasonable fear and apprehension of future abusive conduct by Hammond. It found Hammond had violated the terms of the initial DVRO by contacting Guzman—as Hammond himself admitted at the hearing—which corroborated Guzman's apprehension of future abuse.

The court found that both parties' requests to modify the custody and visitation order were not in the best interests of the children and that the record and evidence supported continuation of the existing order. The court modified the order to add a non-disparagement provision and to include the oral pronouncements from February 2023 that had been unintentionally left out of the November 2023 order (requiring communication be through a co-parenting service, prohibiting contact with Hammond's sister, and requiring the children not be left with someone under the age of 18 when in Hammond's care). Hammond appealed.[1]

_____

[1] In addition to appealing the October 2024 order, Hammond listed the February 2023 order on the notice of appeal, but his appeal from that order is

Hammond raises three challenges to the court's October 2024 order, which we address in turn.

## I. The Court Did Not Abuse Its Discretion in Renewing the DVRO

Hammond contends there was insufficient evidence supporting the court's decision to renew the DVRO.  We disagree.

Under the Domestic Violence Prevention Act (Fam. Code,[2] § 6200 et seq.; DVPA), "a court may issue a protective order ' "to restrain any person for the purpose of preventing a recurrence of domestic violence and ensuring a period of separation of the persons involved" upon "reasonable proof of a past act or acts of abuse." ' " (*In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 115.)  The DVPA defines "abuse" as intentionally or recklessly causing or attempting to cause bodily injury, sexual assault, placing a person in reasonable apprehension of imminent serious bodily injury, or engaging in behavior that could be enjoined pursuant to section 6320.  (§ 6203.)  Section 6320 includes, as relevant here, "harassing, telephoning, . . . contacting, either directly or indirectly, by mail or otherwise, . . . or disturbing the peace of the other party . . . ."  (§ 6320, subd. (a).)

Section 6345 provides that a court may renew a DVRO "without a showing of further abuse since the issuance of the original order."  (§ 6345, subd. (a).)  If a DVRO renewal does not state an expiration date, as was the case here, the duration of the order is three years from the date of issuance. (*Id.*, subd. (c).)

---

untimely.  (Cal. Rules of Court, rule 8.104.)  In any event, the only claim in his briefs related to that proceeding concerns his allegation of a conflict of interest, which is unsupported by the record.

[2] All further statutory references are to the Family Code.

The standard for renewal of a DVRO is whether the protected party entertains a reasonable apprehension of future abuse. (*Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1290.) This standard "does not mean the court must find it is more likely than not future abuse will occur if the protective order is not renewed." (*Ibid.*) Rather, the court should renew a DVRO if the evidence shows "it is more probable than not there is a sufficient risk of future abuse to find the protected party's apprehension is genuine and reasonable." (*Ibid.*) "An imminent and present danger of abuse is not required; there must only be a reasonable apprehension that 'abuse will occur at some time in the future if the protective order is allowed to expire.' " (*Michael M. v. Robin J.* (2023) 92 Cal.App.5th 170, 179, quoting *Ritchie v. Konrad*, at p. 1288.)

We review the grant of a DVRO renewal for abuse of discretion. (*In re Marriage of F.M. & M.M.*, *supra*, 65 Cal.App.5th at p. 115.) In considering the evidence supporting a DVRO, we ask " ' " 'whether, on the entire record, there is any substantial evidence, contradicted or uncontradicted,' supporting the trial court's finding. [Citation.] 'We must accept as true all evidence . . . tending to establish the correctness of the trial court's findings . . . , resolving every conflict in favor of the judgment.' " ' " (*In re Marriage of Evilsizor & Sweeney* (2015) 237 Cal.App.4th 1416, 1424.)

Contrary to Hammond's assertion, substantial evidence supports the court's determination that Guzman had a reasonable fear and apprehension of abusive conduct if the DVRO were not renewed. As noted, abuse under the DVPA includes harassment and direct or indirect contact. (§§ 6203, 6320, subd. (a).) Guzman's testimony, in which she described numerous instances in which Hammond contacted and harassed her over the preceding three years, provided sufficient evidence for the court to find that she had a

5

reasonable apprehension that abuse in the form of future contact would occur if the initial DVRO were allowed to expire.  (See *Michael M. v. Robin J.*, *supra*, 92 Cal.App.5th at p. 179.)  And Hammond's own admission that he violated the initial DVRO by contacting Guzman, even though he knew he was prohibited from doing so, provided further support for the court's finding.

Accordingly, the court did not abuse its discretion in granting the request to renew the DVRO.[3]

## II.  The Court Adequately Explained Its Ruling on the Custody and Visitation Order

Hammond argues the court's "modification" of the custody and visitation order lacked adequate justification and was not in the best interests of the children.  We are not convinced.

"Under California's statutory scheme governing child custody and visitation determinations, the overarching concern is the best interest of the child.  The court and the family have 'the widest discretion to choose a parenting plan that is in the best interest of the child.'  [Citation.]  When determining the best interest of the child, relevant factors include the health, safety and welfare of the child, any history of abuse by one parent against the child or the other parent, and the nature and amount of contact with the parents." (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 255; § 3040, subd. (e).)  We review custody and visitation orders for abuse of discretion.  (*Chalmers v. Hirschkop* (2013) 213 Cal.App.4th 289, 299.)  The appellant bears the burden of proof to show an abuse of discretion.  (*Ibid.*)

---

[3] As we conclude the evidence described above supports the court's renewal of the DVRO, we do not reach Hammond's assertion that the court's reference to a prior violation in April 2023 lacked corroboration.

Here, the court denied both parties' requests to modify the order as it found the evidence supported continuation of the existing order as to visitation and custody rights. In addition, and contrary to Hammond's contention, the court expressly cited "the best interests of the children" in making that determination.

The only changes the court made to the custody and visitation order were to incorporate the already existing February 2023 verbal orders and to require that neither Hammond nor Guzman disparage the other in the presence of the children. The court explained that the February 2023 orders had been inadvertently left out of the November 2023 order, noting the orders were made in the presence of the parties and were "clearly" intended to be part of the custody and visitation order. In addition, the November 2023 order was not in conflict with those February 2023 orders and did not address them in any way. Hence, the inclusion of these prior, existing orders does not constitute a modification. The only actual modification was the addition of a mutual non-disparagement order. The court heard testimony that Hammond had made disparaging remarks about Guzman and was well within its authority in ordering the parties to not disparage each other in front of their children.

Courts have wide discretion in fashioning custody and visitation orders (*Montenegro v. Diaz*, *supra*, 26 Cal.4th at p. 255) and Hammond has not met his burden to show the court abused that discretion. (See *Chalmers v. Hirschkop*, *supra*, 213 Cal.App.4th at p. 299.)

### III. The Sixth Amendment's Confrontation Clause Does Not Apply

Hammond avers the court violated his rights under the Confrontation Clause of the Sixth Amendment by relying on statements made by their

7

children (as relayed by Guzman) without giving him the opportunity to confront and cross-examine the children.

At the August 2024 hearing, the court noted that, although neither party had requested the 12-year-old daughter's testimony, it would defer a decision on whether it would be necessary and in her best interest to have her testify. In its order, the court declined to consider new allegations raised for the first time at the hearing that implicated witness accounts of the children and, as a result, it would not seek the children's testimony.

The Confrontation Clause, by its express terms, applies only to "criminal prosecutions" and, therefore, not the case before us. (U.S. Const., 6th Amend.; accord, *People v. Otto* (2001) 26 Cal.4th 200, 214 ["There is no right to confrontation under the state and federal confrontation clause in civil proceedings . . . ."].) To the extent Hammond instead seeks to raise a due process claim (see *People v. Otto*, at p. 214), we find no error in the court's determination that requiring his 12-year-old daughter to testify was unnecessary to its ruling, which, as discussed, was amply supported by other evidence in the record.

## DISPOSITION

The order granting Guzman's request to renew the DVRO and denying both parties' requests to modify the custody and visitation order is affirmed. Guzman shall recover costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

                         _____

                         PETROU, J.

WE CONCUR:


_____

TUCHER, P. J.


_____

FUJISAKI, J.


A171589/*Guzman v. Hammond*