Filed 4/17/26  P. v. Shaver CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100758 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE007463) |
| v. | |
| SHAWN DOUGLAS SHAVER, | |
| Defendant and Appellant. | |

Defendant Shawn Douglas Shaver was convicted of two counts of manslaughter, with a firearm use enhancement on each count, and one count of unlawful possession of a firearm by a felon.  Defendant argues on appeal that the trial court abused its discretion by declining to dismiss his prior strike conviction under Penal Code section 1385,[1] subdivision (a) and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). We affirm.

---

[1]     Undesignated section references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

The People charged defendant with two counts of murder (§ 187, subd. (a)) with an enhancement for intentionally and personally discharging a firearm resulting in death (§ 12022.53). Defendant also was charged with unlawful possession of a firearm by a felon. (§ 29820.) The information further alleged defendant had a prior strike conviction. (§§ 667, subds. (b)-(i) & 1170.12.)

As to both murder counts, the jury found defendant guilty of the lesser included offenses of voluntary manslaughter. (§ 192, subd. (a).) The jury also found true the firearm enhancements as to both manslaughter counts (§ 12022.53), and found defendant guilty of being a felon in possession of a firearm. Defendant admitted the prior strike conviction.

At sentencing, the trial court denied defendant's motion to dismiss the prior strike conviction. The court sentenced defendant to an aggregate term of 28 years in prison consisting of six years, doubled for the prior strike to 12 years for the first manslaughter count; a consecutive six-year term, doubled to 12 years for the prior strike for the second manslaughter count; and four years consecutive for one of the firearm enhancements. The court stayed the felon in possession of a firearm count (§ 654) and struck the other firearm enhancement (§ 1385, subd. (c)).

Defendant timely appealed.

DISCUSSION

Defendant claims the trial court abused its discretion by declining to dismiss the prior strike. Specifically, defendant argues the court improperly relied on unproven allegations to support its finding that defendant did not fall outside the spirit of the Three Strikes law. We disagree.

A. *Additional Background*

Before the *Romero* hearing, both parties filed briefs, which the trial court reviewed. Defendant asserted he was 16 years old when he committed the prior strike,

2

had no other prior convictions, had been employed throughout his adult life, and had support from his family. Defendant further claimed that the circumstances surrounding the underlying manslaughter convictions were "entirely situational" because the jury found "significant provocation" and he did not bring the gun used in the shooting, which "was available to him by happenstance."

The People argued that, at the time defendant shot and killed the victims, he was not allowed to possess a firearm because he had a prior felony conviction (robbery). Defendant's background, character, and prospects did not cause defendant to fall outside the spirit of the Three Strikes law because the underlying manslaughter convictions were violent and resulted in the death of two people—one of whom was trying to de-escalate the situation. Defendant was not initially cooperative with law enforcement, and, at trial, evidence was presented that indicated defendant disposed of his clothes to destroy evidence of his involvement in the two deaths. In aggravation, the People further argued that defendant's crimes were increasing in seriousness, he personally used a firearm in the commission of the manslaughter counts, and two people died as a result of his conduct.

The People acknowledged that defendant's only other conviction was the prior strike, but noted defendant had a warrant held in abeyance in San Francisco County based on a February 2020 arrest for possession of a firearm (§ 25850, subd. (c)(1)) and being a felon in possession of a firearm (§ 29800). Defendant was arrested but not initially charged for either of these crimes. San Francisco County later issued a warrant for his arrest in October 2020, but defendant was already in custody for the underlying offenses. This demonstrated that, despite living a relatively crime-free life from 2007 to 2020, he was arrested twice in 2020 on firearms-related charges, including the unlawful firearm possession conviction at issue here.

The trial court asked the parties if the February 2020 arrest was something it could consider as to the *Romero* motion. Defense counsel argued the court must look at the

record of conviction, and that it could not consider facts that did not amount to a conviction. The court expressed concern that, if it was required to disregard any facts other than an actual conviction, it could not consider *any* mitigating factors.

As an initial matter, the trial court noted that, under *People v. Burke* (2023) 89 Cal.App.5th 237 (*Burke*), the mitigating factors in section 1385, subdivision (c), do not apply to a *Romero* motion because the Three Strikes law does not concern enhancements.

Turning to the merits, the trial court found it would not be in the interests of justice to dismiss the prior strike conviction because defendant "clearly [fell] within the meaning of the purpose of the statute." In reaching this conclusion, the court noted it had considered the "totality of [the] circumstances in this case," including that defendant had been employed and "done okay." The court further noted that the strike was old and was committed when defendant was a juvenile. However, both the strike and the current crimes were "violent offense[s]." As to the evidence regarding defendant's arrest in February 2020 for unlawful possession of a firearm, the court held it could (and did) consider the fact that defendant was arrested but not convicted of the crime. Regardless, even if it was impermissible to consider the arrest, the court would have still exercised its discretion to decline to strike the prior strike under *Romero*.

B.     *Analysis*

We review a trial court's denial of a *Romero* motion under the deferential abuse of discretion standard, which requires the defendant to show the sentencing decision was "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).) We presume the trial court considered all relevant factors in the absence of an affirmative record to the contrary. (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

As an initial matter, defendant claims the trial court was required to dismiss the strike under section 1385, subdivision (c). Defendant acknowledges that this court

previously held in *Burke* that "[t]he plain language of subdivision (c) of section 1385 applies only to an 'enhancement,' and the Three Strikes law is not an enhancement." (*Burke, supra*, 89 Cal.App.5th at p. 244.) Nevertheless, defendant asserts *Burke* was wrongly decided and urges us to reconsider. We reject defendant's invitation and conclude that section 1385, subdivision (c)'s provisions regarding enhancements do not apply to the Three Strikes law.

Consistent with the language and intent of the Three Strikes law, the California Supreme Court has provided stringent and "comprehensive guidance" for determining whether dismissing a defendant's strike is in the interest of justice. (*People v. Dain* (2025) 18 Cal.5th 246, 252-257 (*Dain*); *Carmony, supra,* 33 Cal.4th at p. 377.) Courts asked to exercise their discretion to dismiss a prior conviction under section 1385, subdivision (a), may not rely on factors extrinsic to the Three Strikes law; instead, they are bound by factors intrinsic to it. (*Wheeler v. Appellate Division of Superior Court* (2024) 15 Cal.5th 1193, 1207; *People v. Williams* (1998) 17 Cal.4th 148, 160-161; see also *Dain* at p. 256.)

Those intrinsic factors, as guided by generally applicable sentencing principles, require the court to "consider whether, in light of the nature and circumstances of [a defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams, supra*, 17 Cal.4th at p. 161; see also *Dain, supra*, 18 Cal.5th at p. 256.)

The trial court may consider responsible unsworn or "out-of-court" information relative to the circumstances of the crime and to the convicted person's life and characteristics. (*People v. Arbuckle* (1978) 22 Cal.3d 749, 754.) This includes "prior arrests which did not result in conviction, defendant's criminal history [citation] and raw

5

arrest data [citation], so long as the information is accurate and reliable [citation] and the judge is not misled into believing an arrest to be a conviction." (*People v. Rhines* (1982) 131 Cal.App.3d 498, 509; *People v. Hubbell* (1980) 108 Cal.App.3d 253, 257; *People v. Gragg* (1989) 216 Cal.App.3d 32, 43.)  The court also may consider and rely upon hearsay statements contained in a probation report, including the police reports used to prepare the crime summaries contained in the report.  (*People v. Otto* (2001) 26 Cal.4th 200, 212.)

We find no abuse of discretion here.  The trial court properly relied in part on defendant's February 2020 arrest to find defendant did not fall outside the spirit of the Three Strikes law.  The trial court considered the nature and circumstances of defendant's prior strike conviction, the violent nature of the underlying offenses, that defendant used a firearm, and that he killed two people.  The trial court acknowledged defendant's youth when he committed the prior strike, that defendant had maintained employment, and that the prior strike was defendant's only other criminal conviction.  However, the court found that defendant's February 2020 arrest on firearms-related charges undercut defendant's argument that he followed the law after his prior strike conviction.

Taken together, these factors demonstrate that the trial court's determination was not arbitrary, capricious, or patently absurd under the specific facts of the case. (*Carmony*, *supra*, 33 Cal.4th at p. 378.)  The court did not abuse its discretion in declining to dismiss the prior strike conviction.

DISPOSITION

The judgment is affirmed.

_____\s\_____,
Krause, J.

We concur:

_____\s\_____,
Robie, Acting P. J.

_____\s\_____,
Mesiwala, J.